## In re OPPENHEIM.
### Patent Appeal No. 3301.

Court of Customs and Patent Appeals.
June 12, 1934.

Bailey & Larson, of Washington, D. C. (R. B. Larson, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

There are involved here nine apparatus claims, being all the claims, of an application entitled "Apparatus for Catalyzing Oils." The Board of Appeals of the United States Patent Office affirmed the decision of the Examiner rejecting the claims as unpatentable in view of the prior art, and the applicant appeals to this court.

Claims 24 and 32 are selected by appellant's counsel as representative:

"24. An apparatus for chemically modifying heavy oils and thereby rendering the same available for use in explosion and internal combustion motors, including the combination, with a container arranged to interconnect the carburetor and the intake of the motor, of a catalyst in the form of a mass of activated carbon disposed within said container, which activated carbon is maintained at a temperature above 200° C., which is preferably about 350° C., and adapted to be freely traversed by said heavy oils."

"32. An apparatus for cracking heavy oils and thereby rendering the same available for use in explosion and internal combustion motors, including the combination, with a container arranged to interconnect the carburetor and the intake of the motor, of a catalyst in the form of a mass of activated carbon disposed within said container and pierced by a plurality of channels adapting said carbon catalyst to be freely traversed by said heavy oils, said channels being generally oblique to the axis of said container to prolong the contact of said heavy oils with the walls of said channels and further promote chemical decomposition of said heavy oils, and heating means arranged in heat conductive contact with said carbon catalyst in order to maintain the same at the cracking tem-

perature of said heavy oils, namely, above 200° C."

The references are: Sutcliffe (Br.) 177,552, March 22, 1922; Auld, 208,569, December 20, 1923 (British); Lyonnaise (French), 488,411, October 8, 1918.

The structure disclosed by appellant is one having a casing with tubes for connection to the carburetor and admission pipe of an internal combustion motor. Within the casing is a block of activated wood charcoal having passages therethrough. This element constitutes the catalytic agent. A double jacket is provided for circulation of hot fluid.

The brief for appellant states:

"The invention disclosed in this application consists in an apparatus which may be inserted in the fuel feed line or intake manifold of an internal combustion engine for the purpose of permitting the use of the heavier petroleum oils as fuel in the operation of such an engine."

In a supplemental brief it is said:

"The applicant's device * * * is not the type of device which is used on Diesel engines but is adapted to be attached to the usual internal combustion engine of the type such as used for tractors."

The patent to Sutcliffe (a British patent), which is the principal reference relied upon, is entitled "Improvements relating to Carburettors, Vaporizers and the like." It discloses a structure having a casing between the carburetor and the induction pipe of an internal combustion engine, within which casing there is an activated carbonaceous material, described as "activated charcoal," held between screens. A coil or pipe is provided through which, the specification says, "a heating medium such as part of the exhaust gases or heated water may be passed. * * * "

The other references are process patents having to do in part with temperatures, and seem to have been cited principally because of the statement as to temperatures contained in certain of the claims of appellant.

The tribunals of the Patent Office agree in holding that structurally Sutcliffe constitutes a complete anticipation of appellant's device, and the Board expressed the opinion that no invention was involved in modifying the operation of the Sutcliffe patent in the manner suggested by the process patents of Auld and Lyonnaise.

Much of appellant's original brief and of his supplemental statement, filed by permission of the court, embraces argument which is scarcely pertinent to the actual issue which we must determine. We are not concerned here with the process or operation of the device, but solely with its structure, and we are unable to see wherein the temperature features of the claims may properly be held to have a bearing upon the question of patentability.

However, confining ourselves strictly to the matter of structure, we have compared the disclosures of Sutcliffe and appellant, and conclude that certain differences are apparent.

Certain of the claims of appellant have a limitation, expressed in language having the same meaning as that in claim 32, supra, setting forth that the catalyst—the activated charcoal—is "pierced by a plurality of channels adapting said carbon catalyst to be freely transversed by said heavy oils, said channels being generally oblique to the axis of said container to prolong the contact of said heavy oils with the walls of said channels. * * * * "

There is no question but that appellant's disclosure supports this limitation. The internal passages are shown in figure 2 of the drawings. Since it is recited that the heavy oils contact with the walls of the channels, we assume the passages are formed in the catalyst material itself.

Sutcliffe refers to his device as a filter into which he imbeds a pipe or pipes "through which a heating medium such as the exhaust gases from an internal combustion engine, or hot water, may be caused to pass to maintain the activated and absorbent substance at a determined elevated temperature. * * * "

These pipes seem to constitute in Sutcliffe means for passing heating elements to vaporize any liquids arrested in their passage through his filter. The channels of appellant, on the other hand, act as passages for the heavy oils while they are being vaporized.

So far as we are able to determine from the Sutcliffe disclosure, his structure is such as that the oils pass through his "activated charcoal" as through a filter, while appellant provides channels for their passage.

In the case of Bloom v. Locke et al., 69 F.(2d) 113, 21 C. C. P. A. (Patents) ——, this court had occasion to consider and pass upon an issue involving the proper construction of the word "orifice." We there held, in effect, that the interstices present in a piece

of fabric may not be called orifices as the term was used in the count there involved.

In the instant case, it being shown that appellant's oils pass through channels arranged in the catalyst for that purpose, while Sutcliffe's oils apparently simply filter through the pores or interstices of his catalyst, we think appellant may fairly be held to show a structure designedly different from the structure of the reference. So far as is disclosed by anything in the record, this is new, and the result which is obtained by the arrangement, we feel, justifies holding it inventive.

Accordingly, we hold that such claims as clearly state the described limitation should be allowed. These are Nos. 25, 28, 29, 30, 31, and 32.

The decision of the Board of Appeals is modified, being reversed as to claims Nos. 25, 28, 29, 30, 31, and 32, and affirmed as to claims Nos. 24, 26, and 27.